**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-2350**

VERONIQUE M. NZABANDORA,

Plaintiff - Appellant,

v.

RECTORS AND VISITORS OF THE UNIVERSITY OF VIRGINIA;
COMMONWEALTH OF VIRGINIA,

Defendants - Appellees,

and

UNIVERSITY OF VIRGINIA HEALTH SYSTEM; UNIVERSITY OF
VIRGINIA MEDICAL SYSTEM,

Defendants.

Appeal from the United States District Court for the Western District of Virginia, at
Charlottesville. Norman K. Moon, Senior District Judge. (3:17-cv-00003-NKM-JCH)

Submitted: August 31, 2018                          Decided: October 19, 2018

Before DUNCAN, DIAZ, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Andrew Nyombi, KNA PEARL, Silver Spring, Maryland, for Appellant. Ronald N. Regnery, Associate University Counsel, Farnaz F. Thompson, Associate University Counsel, Office of the University Counsel, UNIVERSITY OF VIRGINIA, Charlottesville, Virginia, for Defendants.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Veronique M. Nzabandora appeals the district court's orders granting summary judgment to the Rectors and Visitors of the University of Virginia ("UVA") and the Commonwealth of Virginia (collectively, "Defendants") in her action alleging disparate treatment, retaliation, and hostile work environment, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e to 2000e–17 (West 2012 & Supp. 2018); and racial discrimination, pursuant to 42 U.S.C. § 1981 (2012). We affirm.

Nzabandora, an African-American woman of Rwandan ethnicity and national origin, was employed as a nurse at the UVA Medical Center ("the medical center"). Nzabandora alleged that, from July through September 2015, a Caucasian nurse—Brittany Abshire—frequently harassed Nzabandora by making racially charged remarks. According to Nzabandora, when she reported these incidents to her supervisor Brenda Barrett and other medical center officials, they dismissed her allegations or made discriminatory remarks of their own. In December 2015, Barrett terminated Nzabandora's employment after Nzabandora made threatening statements and refused to cooperate with an investigation into whether she gave a patient incorrect medication.

Nzabandora challenges the district court's grant of summary judgment to Defendants on her Title VII disparate treatment, retaliation, and hostile work environment claims.[1] "We review a district court's decision to grant summary judgment

---

[1] Nzabandora does not argue her 42 U.S.C. § 1981 discrimination claim on appeal and has thus waived the issue. *See United States v. Bartko*, 728 F.3d 327, 335 (4th Cir. 2013).

de novo, applying the same legal standards as the district court and viewing all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party." *Grutzmacher v. Howard Cty.*, 851 F.3d 332, 341 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 138 S. Ct. 171 (2017). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

As a threshold matter, Nzabandora's assertion that she suffered other adverse employment actions in addition to the termination of her employment is without merit. The record shows that Nzabandora's hours were not reduced, that she served as a charge nurse from September through November 2015, and that her withheld wages were the result of a widespread pay error for which she was later compensated. Nzabandora's placement on paid leave pending investigations into her alleged misconduct also does not constitute adverse employment action for purposes of Title VII. *See Jones v. Se. Pa. Transp. Auth.*, 796 F.3d 323, 326 (3d Cir. 2015) ("A paid suspension pending an investigation of an employee's alleged wrongdoing does not fall under any of the forms of adverse action mentioned by Title VII's substantive provision."). Accordingly, the termination of Nzabandora's employment is the only adverse employment action at issue for her disparate treatment and retaliation claims.

Nzabandora first claims that, with regard to her disparate treatment claim, the alleged statements of medical center employees constituted direct evidence of discrimination. To survive summary judgment on the basis of direct evidence of discrimination, a plaintiff must produce "evidence of conduct or statements that both

4

reflect directly the alleged discriminatory attitude and that bear directly on the contested employment decision." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 577-78 (4th Cir. 2015) (internal quotation marks omitted). We conclude that, even accepting the alleged statements as true, Nzabandora fails to show direct evidence of discrimination. With the exception of Barrett, the employees who made the alleged statements were not involved in the termination of Nzabandora's employment and thus these employees' statements did not bear directly on the termination. *See id.* Barrett's alleged statements also did not demonstrate a discriminatory attitude or bear directly on the termination, as they neither referenced nor were made contemporaneously with the termination. *See id.*

Next, Nzabandora argues that, in any absence of direct evidence of discrimination, summary judgment on her disparate treatment claim was inappropriate because she proffered indirect evidence of discrimination that satisfied the *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) framework. Pursuant to this framework:

> (1) the plaintiff must first establish a prima facie case of employment discrimination . . . ; (2) the burden of production then shifts to the employer to articulate a non-discriminatory . . . reason for the adverse action; [and] (3) the burden then shifts back to the plaintiff to prove by a preponderance of the evidence that the stated reason for the adverse employment action is a pretext and that the true reason is discriminatory . . . .

*Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 216 (4th Cir. 2016). Even assuming that Nzabandora established a prima facie case, her disparate treatment claim fails because she does not show that the given reasons for termination were pretext for discrimination.

5

At the outset, we note that, because Barrett hired Nzabandora in March 2014 and terminated Nzabandora's employment in December 2015, "a strong inference exists that discrimination was not a determining factor" in the termination. *See Proud v. Stone*, 945 F.2d 796, 797 (4th Cir. 1991). Nzabandora fails to overcome this presumption. Her contentions that the medical center changed its given reasons for termination and that the administration did not genuinely perceive her statements as serious threats are belied by the record.[2] Further, Nzabandora admitted that she declined to provide her perspective on the medication error. *See Villa v. CavaMezze Grill, LLC*, 858 F.3d 896, 901 (4th Cir. 2017) (recognizing that, when employer offers nondiscriminatory reason for adverse action, "it is not our province to decide whether the reason was wise, fair, or even correct, ultimately, so long as it truly was the reason for the plaintiff's termination" (internal quotation marks omitted)).

Nzabandora further challenges the district court's grant of summary judgment on her retaliation claim. Nzabandora has waived appellate review of the issue by failing, in the context of this claim, to contest the district court's determination that the employer's given reasons for termination were nonpretextual. *See Bartko*, 728 F.3d at 335.

---

[2] While Nzabandora challenges the district court's judicial notice of current events with regard to her threatening statements, we decline to consider this claim because she raises it for the first time on appeal. *See Bresler v. Wilmington Trust Co.*, 855 F.3d 178, 200 n.23 (4th Cir.), *cert. denied*, 138 S. Ct. 470 (2017).

Turning to her hostile work environment claim, Nzabandora alleges that comments made by Abshire, Barrett, and Barrett's supervisor Joel Anderson created a hostile work environment.[3]

> [T]o prove a hostile work environment claim under Title VII, a plaintiff must show (1) unwelcome conduct; (2) that is based on the plaintiff's protected status; (3) which is sufficiently severe or pervasive to alter her conditions of employment and to create an abusive work environment; and (4) which is imputable to the employer.

*Strothers v. City of Laurel, Md.*, 895 F.3d 317, 328 (4th Cir. 2018) (brackets and internal quotation marks omitted). As the district court found, Barrett's statements were unrelated to Nzabandora's race and national origin and were not "sufficiently severe or pervasive" to give rise to a hostile work environment. *See id.* (internal quotation marks omitted).

Nzabandora next argues that the district court erred in declining to attribute Abshire's remarks to the medical center. To attribute a coworker's unwelcome conduct to the employer, "the employee must show that the employer was negligent in controlling working conditions—that is, the employer knew or should have known about the harassment and failed to take effective action to stop it." *Strothers*, 895 F.3d at 332 (internal quotation marks omitted). Nzabandora's contention is unavailing, as Barrett ended any harassment on the part of Abshire by changing Nzabandora's and Abshire's schedules. *See EEOC v. Xerxes Corp.*, 639 F.3d 658, 670 (4th Cir. 2011) ("A remedial

---

[3] Although Nzabandora contends that other conditions also contributed to a hostile work environment, we decline to consider these arguments because she failed to raise them in response to Defendants' motion for summary judgment. *See Cox v. SNAP, Inc.*, 859 F.3d 304, 308 n.2 (4th Cir. 2017) (noting that party waives an issue at summary judgment when it fails to argue or brief the issue).

7

action that effectively stops the harassment will be deemed adequate as a matter of law." (internal quotation marks omitted)). We decline to consider Nzabandora's argument raised for the first time on appeal that the medical center failed to promptly address Abshire's harassment. *See Bresler*, 855 F.3d at 200 n.23.

Finally, Nzabandora contends that the district court should have imputed Anderson's alleged statements to the medical center. "[E]ven when a supervisor's harassment does not culminate in a tangible employment action, the employer can be vicariously liable for the supervisor's creation of a hostile work environment if the employer is unable to establish [a *Faragher-Ellerth*][4] affirmative defense." *Vance v. Ball State Univ.*, 570 U.S. 421, 429 (2013). We conclude that Defendants are not liable for Anderson's alleged statements. The district court determined that Defendants successfully asserted a *Faragher-Ellerth* affirmative defense and Nzabandora has forfeited any arguments regarding *Faragher/Ellerth* by failing to make such arguments in response to Defendants' motion for summary judgment.[5] *See Cox*, 859 F.3d at 308 n.2.

---

[4] *Faragher v. City of Boca Raton*, 524 U.S. 775, 777-78 (1998) (holding that, where supervisor's harassment does not result in tangible employment action, employer is vicariously liable for supervisor's creation of hostile work environment unless employer demonstrates that it exercised reasonable care to prevent and promptly correct harassment and that plaintiff unreasonably failed to take advantage of preventive or corrective opportunities); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998) (same).

[5] We also reject Nzabandora's contention that the district court lacked authority to deny her motion for summary judgment on her hostile work environment claim. *See* Fed. R. Civ. P. 56(e) (providing list of actions district court may take if nonmoving party fails to respond to motion for summary judgment).

8

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*